IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br><br>SOUTHWEST GUARANTY, LTD.<br><br>DEBTOR,<br>_____<br>Southwest Guaranty, Ltd.<br>    Plaintiff<br><br>vs.<br><br>Compass Bank<br>    Defendant | §§<br>CASE NO. 10-32200-H3-11<br><br>Chapter 11<br><br><br>ADVERSARY NO. 10-03258 |

## DEFENDANT'S ANSWER

THE HONORABLE LETITIA Z. PAUL, UNITED STATES BANKRUPTCY JUDGE:

Compass Bank files this Answer to Plaintiff's Original Complaint, and in support thereof respectfully shows the Court as follows:

1. On June 11, 2010, Southwest Guaranty, Ltd. ("Debtor") filed its Plaintiff's Original Complaint for Declaratory Judgment that the Parliament House Note is Property of the Estate (the "Complaint").

2. Compass Bank responds to the allegations in the Complaint as follows:

   a. Compass Bank admits the jurisdiction and venue allegations in numbered paragraphs 1 and 2 of the Complaint.

   b. Compass Bank admits that the proper parties are named in numbered paragraphs 3 and 4 of the Complaint.

c. Upon information and belief, Compass Bank admits the allegations contained in numbered paragraph 5 of the Complaint, although Compass Bank denies that the Debtor's business currently involves originating any mortgage loans.

d. Compass Bank admits the allegations contained in numbered paragraph 6 of the Complaint.

e. Compass Bank admits the allegations contained in numbered paragraph 7 of the Complaint, except that Compass Bank denies the allegation that the revolving line of credit note secured the Debtor's obligations under the Revolver.

f. With respect to numbered paragraph 8 of the Complaint, Compass Bank responds that the document (the Security Agreement) speaks for itself.

g. Compass Bank admits the allegations contained in numbered paragraphs 9 - 14 of the Complaint, except that in numbered paragraph 12 Compass Bank admits only that the subject lien and security interest extends just to the real property described in the Deed of Trust Exhibit A and the personal property related thereto.

h. With respect to numbered paragraph 15 of the Complaint, Compass Bank admits that the Security Agreement and Collateral Assignment is defined as the "Security Agreement" in that document.

i. With respect to numbered paragraph 16 of the Complaint, Compass Bank admits that in the Security Agreement, Texas State Bank is defined as the "Secured Party".

j. With respect to numbered paragraph 17 of the Complaint, Compass Bank admits that Section 2 of the Security Agreement refers the definition of "Obligations" to the meaning given that term in the Loan Agreement. The definition of "Obligations" in the Loan Agreement speaks for itself.

k. Compass Bank admits that numbered paragraph 18 of the Complaint sets forth a purpose of the Security Agreement.

l. Compass Bank admits the allegations contained in numbered paragraph 19 of the Complaint.

m. With respect to the allegations in numbered paragraph 20 of the Complaint, Compass Bank admits that the security interest was one of the things granted to Texas State Bank by way of Section 1 of the Security Agreement.

n. Compass Bank denies that the quote contained in numbered paragraph 21 of the Complaint is entirely accurate or complete.

o.  Numbered paragraph 22 contains a legal conclusion to which no response is required.

p.  With respect to the allegations in numbered paragraph 23 of the Complaint, Compass Bank admits that in substance the description of "Collateral" in the Security Agreement is generally correct.

q.  With respect to the allegations in numbered paragraph 24 of the Complaint, Compass Bank admits that Plaintiff has correctly quoted a portion of the contents of Section 4 of the Security Agreement.

r.  Compass Bank denies the allegations contained in numbered paragraph 25 of the Complaint.

s.  Compass Bank admits that the allegations contained in numbered paragraph 26 of the Complaint generally track Section 5(h) of the Security Agreement.

t.  Compass Bank admits that the allegations in numbered paragraph 27 of the Complaint correspond to a portion of what is contained in Section 8 of the Security Agreement.

u.  Compass Bank admits the allegations contained in numbered paragraph 28 of the Complaint.

v.  Compass Bank admits that the allegations contained in numbered paragraph 29 of the Complaint are contained in a portion of Section 11 of the Security Agreement.

w.  Compass Bank lacks sufficient information to admit or deny the allegations contained in numbered paragraphs 30 – 33 of the Complaint.

x.  With respect to numbered paragraph 34 of the Complaint, Compass Bank admits that execution of the Security Agreement did not result in a reduction of the indebtedness owed to Texas State Bank.

y.  At this time Compass Bank is not aware of any additional funding or credit as referenced in numbered paragraph 35 of the Complaint.

z.  Compass Bank denies the allegations in numbered paragraph 36 of the Complaint, inasmuch as many of the payments received from Parliament Partners, Inc. by Debtor during the subject timeframe were not monthly payments.

aa.  With respect to numbered paragraph 37 of the Complaint, Compass Bank lacks sufficient information to admit or deny the allegations about when and where the Debtor deposited funds.

bb. Compass Bank lacks sufficient information to admit or deny the allegations contained in numbered paragraph 38 of the Complaint.

cc. Regarding numbered paragraph 39 of the Complaint, Compass Bank admits that it was aware that the Debtor was receiving and using monthly payments, and had no objection to such use prior to a certain point and time.

dd. Compass Bank admits the allegations contained in numbered paragraph 40 of the Complaint.

ee. Compass Bank admits that the remedy described in numbered paragraph 41 of the Complaint is one of the remedies set forth in the Security Agreement.

ff. Compass Bank admits the allegations contained in numbered paragraphs 42 - 45 of the Complaint.

gg. Compass Bank denies the allegations contained in numbered paragraphs 46 and 47 of the Complaint.

hh. Compass Bank admits the allegations contained in numbered paragraph 48 of the Complaint, except for the word "nonetheless".

ii. Compass Bank admits the allegations contained in numbered paragraph 49 of the Complaint.

jj. Compass Bank denies the allegations contained in numbered paragraph 50 of the Complaint.

kk. The allegations contained in numbered paragraph 51 contain legal conclusions only, to which no response is required.

ll. Compass Bank denies the allegations contained in numbered paragraph 52 of the Complaint.

mm. With respect to the allegations contained in numbered paragraphs 53, 57 and 61, please see 2(a) – 2(11) herein.

nn. Compass Bank admits the allegations contained in numbered paragraphs 54 -56, 58 - 60 and 62, except that Compass Bank denies that the Parliament Partners Loan is property of the bankruptcy estate, and denies that the Debtor is entitled to any attorneys fees and costs associated with this litigation.

oo. Any allegation not specifically admitted herein is denied.

3. Compass Bank reserves all of its rights and remedies, including without limitation its rights and remedies relating to the Court's show cause Order in the main case.

WHEREFORE, Compass Bank respectfully requests that this Court (i) declare and determine that the Parliament Partners Loan is the property of Compass Bank, and is not property of the Debtor or the Debtor's Estate, (ii) grant Compass Bank its attorneys fees, costs and expenses, and (iii) grant Compass Bank such other and further relief, both at law and in equity, which is just and proper.

DATED this 19th day of July 2010.

Respectfully submitted,

**JACKSON WALKER L.L.P.**

By: /s/ Bruce J. Ruzinsky
Bruce J. Ruzinsky
State Bar No. 17469425
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200 - Telephone
(713) 752-4221 - Fax
Email: bruzinsky@jw.com

**ATTORNEYS FOR COMPASS BANK**

## CERTIFICATE OF SERVICE

This is to certify that on this 19th July 2010, a true and correct copy of Defendant's Answer was served electronically or via first class United States mail, postage prepaid upon the parties listed below:

Edward Rothberg
Melissa Haseldon
Annie Catmull
HOOVER SLOVACEK L.P.
5847 San Felipe, Suite 2200
Houston, Texas 77057

/s/ Bruce J. Ruzinsky
Bruce J. Ruzinsky